### CITIZENS CIVIC ASSOCIATION OF DOOR COUNTY et al., Plaintiffs,

v.

**William T. COLEMAN, Individually and as Secretary of Transportation of the United States, Washington, D. C., et al., Defendants.**

No. 75–C–354.

United States District Court, W. D. Wisconsin.

July 30, 1976.

Rikkers, Koritzinsky & Rikkers, Madison, Wis., for plaintiffs.

David C. Mebane, U. S. Atty., by Stephen L. Morgan, Asst. U. S. Atty., Madison, Wis., and Nicholas Nadzo, Atty., Dept. of Justice, Washington, D. C., for defendant William T. Coleman.

Bronson C. LaFollette, Atty. Gen. of Wis., by Charles A. Bleck, Asst. Atty. Gen., Madison, Wis., for defendants Zel S. Rice and Robert Huber.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

Paragraph 42 of the complaint in this action, filed August 6, 1975, alleges that "the proposed corridor location and bridge construction [for the Sturgeon Bay, Wisconsin, bridge project which is the subject matter in dispute in this case] is a major Federal action significantly affecting the quality of the human environment." This allegation is admitted by the answer of the state defendants Rice and Huber, filed September 5, 1975, which answer has not been amended. This allegation is also admitted by the answer of the federal defendant Coleman filed October 6, 1975.

On November 12, 1975 plaintiffs were granted leave to amend their complaint by adding subsections F through H to paragraph 45; the subject matter of these added sections is not immediately relevant. On December 8, 1975, the state defendants Rice and Huber filed an answer to the amended complaint in which they responded once again to the allegations of the original complaint as well as to paragraph 45(F), (G), and (H); in this answer, they repeated their admission of the allegations of paragraph 42. On December 10, 1975, federal defendant Coleman filed his answer to the amend-

ed complaint and repeated his admission of the allegations of paragraph 42.

At a pretrial conference on February 6, 1976, a record of which was not made by a court reporter or by mechanical means, counsel for the defendant Coleman made a statement to the effect that because no application for federal funds for this project had been made by the state and because it was uncertain that any such application would be made, a serious question existed whether this court enjoyed jurisdiction over the subject matter of this action. The question was not pursued nor resolved at said pretrial conference.

By agreement of the parties, this case was submitted on its merits on the basis of the written record in the form of pleadings, affidavits, depositions, demands for admissions, and answers to interrogatories. The respective deadlines for such submissions were: February 23, 1976 for plaintiffs, March 22, 1976 for defendants, and April 12, 1976 for plaintiffs' rebuttal. On February 6, 1976 it was ordered that oral argument on the merits would be heard on April 22, 1976, and that prehearing briefs might be submitted by April 20, 1976.

On April 15, 1976, defendant Coleman filed a motion for leave to amend his answer and a motion for summary judgment. The proposed amendment to the answer would have denied the allegations of paragraph 42 of the complaint. The basis for the motion for summary judgment, stated in the motion, is that plaintiffs had failed to state a claim upon which relief could be granted; however, the remaining language of the motion, and the brief in support of the motion, make clear that defendant Coleman relies on factual matters beyond the allegations of the complaint, namely, a contention that there is no genuine issue of material fact concerning the absence of any application by the state for federal funds for the Sturgeon Bay bridge project.

When the case was called for hearing on its merits on April 22, 1976, I granted defendant Coleman's motion for leave to amend his answer, and ordered that arguments on his motion for summary judgment and arguments on the merits of the case would be heard together. Plaintiffs' prehearing brief responded to defendant Coleman's April 15, 1976 motions, as did plaintiffs' oral argument on April 22, 1976.

Rather than to treat this contention of defendant Coleman on the basis of his motion for summary judgment, I will treat it as a contention that on the trial on the merits, plaintiffs have failed to prove by a preponderance of the evidence certain essential elements necessary to a grant of the relief sought.

It is essential to a grant of the injunctive and declaratory relief sought by the plaintiffs that they prove, with respect to their first cause of action, that the disputed bridge project is a federal-aid highway project for purposes of 23 U.S.C. §§ 101(a), 103, 109(h), and 128, and 23 C.F.R., part 790, and, with respect to their second cause of action, that "Federal action" is involved, within the meaning of the Environmental Protection Act, 42 U.S.C. § 4331 et seq., and particularly § 4332(2)(C).

There is no evidence that the state has made any application for federal funds for this Sturgeon Bay bridge project. Plaintiffs contend, however, that the evidence sufficiently establishes that the state officials intend to apply and will apply for such funds for the construction of the approaches to the bridge, and that the federal officials intend to grant the application and will grant it. In the context of such a showing plaintiffs contend, the time at which approval of the location of the highway bridge was granted by the federal officials was the time at which the project became a federal-aid highway project for purposes of 23 U.S.C. §§ 101(a), 103, 109(h), and 128, and 23 C.F.R., Part 790, and the time at which the project became "federal action" for purposes of the Environmental Protection Act (EPA), 42 U.S.C. § 4331 et seq., and particularly § 4332(2)(C). They contend, further, that in this case, federal participation has reached beyond the stage of location approval to the stage of approval of the design of the approaches to the bridge.

The precise positions of the parties are not wholly clear.

Defendant Coleman appears to contend that none of the provisions of the EPA or of the Federal-Aid Highways statutes becomes operative until federal officials have approved an application by a state for federal funds. Such a construction would clearly subvert the purposes of both sets of laws. It would mean that in a case in which it was proven beyond doubt that both state and federal funds are to be expended on a single, unified highway project, but in which state funds alone are to be used for the first half and federal funds for the second, none of the federal statutes dealing with environmental considerations would be of any effect until the construction was half-completed.

On the other hand, plaintiffs appear to contend that once location approval has been given by the appropriate federal officials, the project has become federal action and a federal-aid highway project although it is then completed wholly with state funds. That is to say, plaintiffs appear to contend that if one were to examine a completed highway project retrospectively, and if it were plainly shown that no federal funds had ever been applied for or granted but that the state had sought and obtained federal approval of the location, the project was federal action and a federal-aid highway project.

It should be noted that this problem does not arise with respect to projects, such as federal buildings and national parks, which are exclusively federal from start to finish, but only to state or local projects which may or may not be eligible for federal financial assistance.

I conclude that in the case of state highway construction, when injunctive relief is sought prior to the commencement of construction or early in the course of construction, and sought on the basis of federal statutes and regulations dealing with environmental considerations, the plaintiff must show an extremely strong probability that the state will apply for federal funds and that the application will be approved (if this has not already occurred). If such a showing cannot be made, plaintiff must seek whatever remedy is available in the state courts on the basis of state law.

This problem of proof is compounded by a phenomenon which appears to have become common. Because federal statutes and regulations prevent the grant of federal funds for state highway projects unless the state provides the opportunity for federal participation and approval in advance of the commencement of construction, as to some matters, and well in advance of the filing of the application for federal funds, as to others, state highway officials cannot preserve their options with respect to their ultimate decision whether to use state money only, unless they seek out the federal officials early. In a case in which the state proceeds through the planning stages without compliance with the federal requirements, it is plain that federal aid will not be forthcoming and no injunctive relief based on federal environmental statutes or regulations is available. But when the state observes the preliminary federal requirements, short of making application for federal funds, and the federal officials respond, the circumstances are ambiguous. No doubt, this ambiguity can be removed in many such cases by proof of the virtual inevitability of a successful application for federal aid, but in others the ambiguity is not so easily removed.

These considerations have been carefully explored in *Scottsdale Mall v. State of Indiana, et al.,* 418 F.Supp. 296 (S.D.Ind. 1976), the reasoning of which opinion and decision I accept and adopt in the present case.

I find as fact those matters set forth in the following paragraph of this opinion:

The Federal Highway Administration (FHWA) participated in the planning process of the Sturgeon Bay project to ensure compliance with FHWA procedures in the event the Wisconsin Division of Highways should seek federal aid for the project. FHWA provided guidance for and participated in the preparation of the draft and final environmental impact statements

(EIS's) and reviewed the EIS's prior to approving them for circulation. On June 20, 1973, FHWA approved the location of the recommended 18th Avenue corridor as having been selected in accordance with applicable FHWA regulations. On January 31, 1975, FHWA informed the state highway agency that the proposed design of the approach roadways to the Sturgeon Bay Bridge was considered to be in compliance with the requirements of 23 U.S.C. § 128 and applicable FHWA regulations. No federal aid has been sought, programmed or authorized to date for preliminary engineering, right-of-way or construction. The state has already incurred substantial costs of the project, federal funds for which may not be applied for retroactively. 23 C.F.R. 1.9. It is within the state's financial capacity to finance the bridge project completely, including the construction of the approaches.

On the basis of these findings, I conclude that the plaintiffs have failed to prove that the bridge project is, or will become, federal action or a federal-aid highway project within the meaning of the pertinent federal statutes and regulations. Therefore, jurisdiction over the subject matter of this action in this court is absent.

I appreciate that this decision on the jurisdictional question has important implication for environmental litigation in the federal courts concerning state or local projects which may be eligible for federal aid, and that the correctness of the decision may well be questioned.

However, I take some comfort in the knowledge that if I enjoyed jurisdiction to decide the merits of the case, the decision would be favorable to the defendants. My examination of the record has persuaded me that the plaintiffs have not proven that the defendants have failed to comply with the applicable federal statutes and regulations.

### Order

It is hereby ordered that this action is dismissed for lack of jurisdiction over the subject matter.